CUEBAS, PLAINTIFF AND APPELLANT, v. BANCO TERRITORIAL Y
AGRÍCOLA ET AL., DEFENDANTS AND RESPONDENTS.

APPEAL from the District Court of Mayagüez.

No. 955.—Decided originally on June 26, 1913.

Motion for reconsideration decided December 19, 1913.

MORTGAGE—CAUSE OF ACTION—COMPLAINT—OLD REGISTRY OF MORTGAGES—TRANS-
FER TO NEW REGISTRY—THIRD PARTIES.—In order that a complaint against
a third person to recover on a mortgage recorded in the old registry of
mortgages may state a cause of action, it is necessary to allege therein that
the entry in the old registry was transferred to the books of the modern
registry within the year following the promulgation of the Mortgage Law
which went into effect in this Island on October 25, 1893, or within the year
of extension granted by Royal Order of November 28, 1894, in accordance
with article 449 of the Regulations for the execution of the Mortgage Law
in connection with article 397 of said law.

ID.—THIRD PARTIES—KNOWLEDGE OF EXISTENCE OF MORTGAGE—ALLEGATIONS—
COMPLAINT—CONCLUSION OF LAW.—The allegation in the amended complaint
that the defendant bank "had knowledge of the existence and validity or
effectiveness of the mortgage" is a conclusion of law, for it does not allege
the facts necessary to enable the court to reach the conclusion that the
defendant had such knowledge.

ON MOTION FOR RECONSIDERATION.

DEMURRER—CAUSE OF ACTION—COMPLAINT.—A demurrer on the ground that the
complaint does not state facts sufficient to constitute a cause of action goes
to the whole complaint and it is not necessary to specify the particulars
wherein the complaint is insufficient, and in deciding on appeal a demurrer
of that character this court may consider *motu propio* any ground of the
insufficiency of the complaint, although it were not alleged by the demurrant
either in the court below or in this court.

AMENDMENT OF COMPLAINT—DEPRIVAL OF DAY IN COURT.—The judgment, ren-
dered by this court in this case does not prevent the plaintiff from moving
the trial court for leave to amend the complaint, and the fact that this court
in its said judgment did not grant express authorization to so amend does
not imply that the plaintiff has been deprived of his day in court.

The facts are stated in the opinion.

Messrs. *Fernando Vázquez* and *N. B. K. Pettingill* for
appellant.

Mr. *Juan de Guzmán Benítez* for respondents.

MR. JUSTICE ALDREY delivered the opinion of the court.

The material allegations of the amended complaint in this

action are the following: During the year 1875 Moses Levy & Company executed a voluntary mortgage on the plantation "Carmelita" in favor of José Ramón Carbonell for a certain sum of money payable in March, 1876. The mortgage was recorded in the old registry of mortgages on October 20, 1875. The mortgage credit was assigned to José María Monge on account of whose death it now belongs to the plaintiff, Irene Cuebas. On November 21, 1875, Felipe Cuebas became the owner of the plantation "Carmelita" subject to the payment of the mortgage in favor of José Ramón Carbonell. During the year 1892 Irene Cuebas brought an action against Cuebas to recover the amount of the mortgage and judgment was rendered against him in May of the same year, but the plaintiff granted Felipe Cuebas an extension of time and abandoned the action. Said Cuebas mortgaged said plantation "Carmelita" on April 2, 1901, to the Banco Territorial y Agrícola and having defaulted in the payment thereof, the property was sold at public auction to the bank as mortgage creditor, which bank is the present owner thereof and as such is now being sued together with Ramón Valdés to whom the bank has agreed to sell the property and who is in possession thereof. As Felipe Cuebas Arredondo did not fulfil his promise to pay, an action was brought against him and the Banco Territorial y Agrícola in the District Court of the United States for Porto Rico in 1904, which action was dismissed on the ground that the court was without jurisdiction, this decision having been affirmed on appeal to the Supreme Court of the United States in its judgment of February 19, 1912. The mortgage of 1875 is now in force in the old registry of mortgages and at the time the property was mortgaged to the Banco Territorial y Agrícola said bank knew of the existence and validity or effectiveness of the said mortgage.

On the foregoing allegations the plaintiff prayed the court to decree that the defendants acknowledge her mortgage as a first mortgage and privileged, or, if not, second in right to that of the bank, and that the plaintiff is entitled to redeem the

property from the bank's mortgage by paying the amount found to be due thereon after a proper rendition of accounts.

The complaint was demurred to by the Banco Territorial y Agrícola on the grounds that it did not state facts sufficient to constitute a cause of action and that in any event plaintiff's right of action had prescribed under the sections cited. The court sustained the demurrer on the first ground and refused to grant leave to amend the complaint. Judgment to this effect was entered and the present appeal was taken therefrom by the plaintiff.

In order that the record of the mortgage executed in 1875 by Moses Levy & Company in favor of José Ramón Carbonell in the old registry of mortgages may be effective as against the Banco Territorial y Agrícola which acquired the property so encumbered subsequent to 1901, it is necessary to allege in the complaint that said record was transferred to the new books of the registry of property within the year following the promulgation of the Mortgage Law which went into effect in this Island on October 25, 1893, or within the year of extension granted by Royal Decree of November 28, 1894, inasmuch as in accordance with section 449 of the Regulations adopted for the execution of the Mortgage Law in connection with section 397 of the law itself, such transfer is necessary to make the record effective against a third party. It is the intention of the law that records existing in the old registry of mortgages and not transferred in accordance with its provisions shall not be effective against third parties, the purpose of said provisions being to invalidate as regards third parties, after the lapse of a specified period, records relating to annuities, mortgages and other property rights which have not been transferred, and for this reason the complaint must necessarily allege that the entry was duly transferred within the time allowed in order to constitute a cause of action against a third party.

But the appellant maintains that in this case the Banco Territorial y Agrícola cannot be considered a third party. It

has repeatedly been held both by the Spanish courts and by this court that a person who acquires real property knowing at the time that the property is encumbered, although such encumbrances may not be recorded in the registry of property, cannot be considered as a third party. Judgments of the Supreme Court of Spain of October 8, 1885, April 21, 1887, February 7, 1896, and September 29, 1897, followed by this court in the cases of *Valdés* v. *Valle and Noble,* 1 S. P. R., 75, 95; *Suris* v. *Quiñonés et al.,* 17 P. R. R., 614, and *Carmona et al.* v. *Cuesta,* 18 P. R. R., 178. However, the complaint does not show that the defendant bank lacked the character of third party as it only states after being twice amended that the bank "knew of the existence and validity or effectiveness of the mortgage of Moses Levy & Company in favor of José Ramón Carbonell." These words in the complaint do not state a fact but a conclusion of law, for if a mortgage exists and is valid and effective this is because of the existence of certain facts which produce that result according to law, and these facts are what the plaintiff should have alleged in accordance with subdivision 2 of section 103 of the Code of Civil Procedure in order that the court might arrive at the conclusion that the defendant knew of the existence, validity, and effectiveness of the mortgage and, therefore, the defendant bank could not be considered as a third party; and this is all the more necessary when the defendant is an artificial person and it is important to know what person acquired knowledge of said encumbrance, in what manner he did so and what was his connection with the bank, so that it may be decided whether the knowledge of said person could be held to be the knowledge of the artificial person who is being sued. It has been decided in *The People* v. *Village of Crotty,* 93 Ill., 180, that such words are a conclusion of law and not a statement of fact, it having been held in that case that the allegation that a document is valid is a conclusion of law. In the case of *Shea* v. *Johnson,* 101 Cal., 455, the same was held regarding an allegation as to whether or not an encumbrance existed;

and also in the case of *Luverne* v. *Birmingham,* 143 Ala., 153, 39 So. Rep., 126, it was decided that an allegation that the purchaser had notice is a conclusion of law.

For the foregoing reasons the judgment appealed from should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.

A motion to reconsider having been filed by the appellant, it was overruled on December 19, 1913, Mr. Justice Aldrey delivering the following opinion of the court:

The appellant prays us to reconsider the judgment which we rendered in this case and in support of her motion alleges the following:

1. That in affirming the judgment rendered by the District Court of Mayagüez dismissing the complaint we based our decision on the ground that the allegations of the complaint to the effect that the defendant bank was not a third party were made as conclusions of law and not as allegations of fact, which question was not raised by the defendants in the lower court nor in the pleadings before this court but was referred to for the first time in our judgment.

2. That as the defect which we have discovered is by its nature capable of correction, failure to give the plaintiff an opportunity to amend her complaint is equivalent to depriving her of her day in court.

With regard to the first point we will say that the complaint was demurred to in the lower court on the ground that it did not state facts sufficient to constitute a cause of action, which demurrer was sustained by the district court and gave rise to the judgment dismissing the complaint.

It is true that among the grounds set up in support of said demurrer the defendants failed to plead that the com-

plaint alleged conclusions of law instead of allegations of fact and that they also failed to plead the same in their brief submitted to us, but notwithstanding this we could consider such question on our own motion because as a demurrer based on the ground stated does not need to specify the particulars in which the complaint is insufficient, the fact that the defendants stated some reasons why they deemed the complaint insufficient did not prevent us from considering any other grounds which might lead us to the conclusion that the complaint did not state facts sufficient to constitute a cause of action. Such a demurrer is directed against the whole complaint and in ruling on it it is our duty to review all the allegations in order to determine whether, if true, it will support a judgment for the plaintiff.

In regard to the second ground alleged for the reconsideration sought, we must say that our judgment does not prevent the plaintiff from amending her complaint, the defect which we found therein being, as it is, subject to amendment, and therefore we have not deprived the plaintiff of her day in court. But the fact that we have not stated expressly in our decision that the plaintiff is granted leave to amend her complaint is not sufficient to warrant the modification of our decision, for she can move the trial court for leave to amend the pleading which we have found defective. It is true that the judgment affirmed was based upon an order which while sustaining . the same demurrer passed .upon by us denied the plaintiff the right to amend the complaint, but we have not affirmed that order or made any pronouncement in regard thereto. What we have affirmed is the judgment dismissing the complaint on the ground that it did not set up a cause of action.

For the foregoing reasons the motion to reconsider should be overruled.

*Motion to reconsider overruled.*

Chief Justice Hernández and Justices Wolf and del Toro concurred.

Mr. Justice MacLeary took no part in this decision.